EX PARTE WINFIELD MORTEN.

No. 7161. Decided October 28, 1936.
(97 S. W., 2d Series, 672.)

*Nathaniel Jacks,* of Dallas, and *Cofer & Cofer,* of Austin, for relator.

MR. JUDGE GERMAN delivered the opinion for the court.

On September 4, 1936, Robert L. Hurt, Criminal District Attorney of Dallas County, Texas, filed petition for injunction in the 95th Judicial District Court of Dallas County against Winfield Morten and others. The suit was brought under and by virtue of Articles 4664 to 4667, inclusive, of the Revised Statutes of 1925. The purpose of the injunction was to enjoin and abate as a nuisance the premises and business operated by the defendants, being a dog racing course and business where betting on dog races under the pari mutuel system of betting and wagering was permitted. The premises upon which the business was conducted were located upon a tract of 40.8 acres of land in Dallas County, Texas, being the same premises and business involved in the case of Oak Downs, Inc., et al., v. R. A. (Smoot) Schmid, ante, 214, 97 S. W. (2d) 671, this day decided by this Court. A temporary writ of injunction was granted and served upon relator Winfield Morten. On September 10, 1936, at a hearing regularly held before the Judge of the said 95th Judicial District Court, relator was declared to be in contempt of court because of violating the writ of injunction therefore issued on September 4, 1936. He was committed to the custody of the Sheriff of Dallas County, and duly confined in accordance with the writ of commitment issued on said judgment of contempt. On September 11, 1936, this Court granted preliminary writ of habeas corpus under which relator was admitted to bail.

In the case of the State of Texas ex rel John R. Shook, District Attorney, v. All Texas Racing Association et al., we have this day held that neither Article 4666 nor Article 4667 of the Revised Statutes gives authority to a district attorney to prosecute a suit for injunction to enjoin dog racing and betting on dog races on premises such as are here involved. We have further held in the case of Oak Downs, Inc., et al. v. Schmid, that the premises in question were not being use for "gaming or keeping or exhibiting games prohibited by

law," within the purview of Article 4667, or of the Penal Code of this State. From this it follows, we think, that the district court was without jurisdiction to issue the writ of injunction of September 4, 1936, and consequently the attempted judgment of contempt and the commitment thereunder were void.

The writ of habeas corpus prayed for is granted and it is ordered that the relator be discharged.

Opinion adopted by the Supreme Court October 28, 1936.