OAK DOWNS, INCORPORATED, ET AL. V. R. A. (SMOOT) SCHMID.

No. 7148.    Decided October 28, 1936.
(97 S. W., 2d Series, 671.)

*Nathaniel Jacks,* and *Currie McCutcheon,* both of Dallas, for plaintiffs in error.

The statutes do not authorize a private citizen to obtain and enforce an injunction in the prosecution of public rights. Bowlen v. Bowlen, 1 S. W. (2d) 355; Clements v. Murphy, 54 S. W. (2d) 1047; 24 Tex. Jur., "Injunction," Sec. 51, and authority cited in opinion.

*Robt. L. Hurt* and *W. F. Clark,* both of Dallas, for defendant in error.

MR. JUDGE GERMAN delivered the opinion for the court.

This suit was instituted in the 95th Judicial District Court of Dallas County by R. A. (Smoot) Schmid, as a private citizen, against Oak Downs, Inc., and others. The purpose of the suit was to obtain an injunction restraining defendants from maintaining and operating premises where dog races were run and where betting thereon under the pari mutuel system was allowed. The premises where the race course was maintained were alleged to be located upon a tract of 40.8 acres of land situated in Dallas County. A temporary writ of injunction was granted. The action of the Court in granting the injunction was affirmed by the Court of Civil Appeals. 95 S. W. (2d) 1040.

■ The petition filed by plaintiff (defendant in error here) alleged that the action was brought under and by virtue of Articles 4664-4667 of the Revised Statutes of 1925. It will be seen at a glance, however, that Article 4666 does not authorize a suit by a private citizen for injunction to enjoin and abate the nuisances defined by Article 4664. The only authority which a private citizen has to prosecute a suit for injunction

is given by Article 4667, the pertinent portions of which are as follows:

"The habitual use, actual, threatened or contemplated, of any premises, place or building or part thereof, for any of the following uses shall be enjoined at the suit of either the State or any citizen thereof:

"1. For gaming or keeping or exhibiting games prohibited by law."

In the case of The State of Texas ex rel. John R. Shook, Criminal District Attorney, v. All Texas Race Association et al., we have today held that dog racing and betting on dog races is not "gaming or keeping or exhibiting games prohibited by law" within the purview of Article 4667. Plaintiff's action is predicated upon the theory that under Article 625 of the Penal Code defendants are guilty of a penal offense. That article has been fully discussed in the case of The State of Texas v. All Texas Racing Association et al., and in that case, following the reasoning of the Court of Criminal Appeals in the case of Thomas v. State, 91 S. W. (2d) 716, we have held to the contrary.

As the suit was brought without authority of law, the judgment of the Court of Civil Appeals is reversed, the injunction granted by the trial court is dissolved, the cause is remanded, and the trial court is directed to dismiss the same.

Opinion adopted by the Supreme Court October 28, 1936.